**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JOSE A. SUAREZ,                     :
                                    :  Civil Action No. 07-1888 (RBK)
         Petitioner,                :
                                    :
     v.                             :        O P I N I O N
                                    :
CHARLES E. SAMUELS, JR.,            :
                                    :
         Respondent.                :
_____:


**APPEARANCES:**

Petitioner pro se                Counsel for Respondent
Jose A. Suarez                   Irene E. Dowdy
#43974-054                       Asst. U.S. Attorney
F.C.I. Fort Dix                  402 E. State Street
P.O. Box 2000                    Room 430
Fort Dix, NJ 08640               Trenton, NJ 08608

**KUGLER**, District Judge

    Petitioner Jose A. Suarez, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden Charles E.

---

[1] Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Samuels, Jr.  Respondent filed an Answer to the Petition on June 27, 2007.  The Court has reviewed all submissions.  For the following reasons, the Petition will be denied.  Petitioner's pending motion for a temporary restraining order will also be denied.[2]

## BACKGROUND

After conviction on federal drug charges, Petitioner was sentenced on February 2, 2001, in the United States District Court, Southern District of New York, to 121 months of incarceration followed by 3 years supervised release.

Upon arrival into the Bureau of Prison's ("BOP") custody, Petitioner was assigned a Public Safety Factor ("PSF") of Deportable Alien, pursuant to the BOP's Program Statement 5100.08.  Petitioner was given the PSF of Deportable Alien because BOP records indicated that he is a citizen of the Dominican Republic.  In fact, Respondent has provided documentation, including Petitioner's immigration file, which reveals that Petitioner was born in the Dominican Republic and arrived in the United States on an Immigrant Visa in 1990.  In

---

[2] For the reasons stated in this Opinion, Petitioner's motion for a temporary restraining order does not demonstrate that Petitioner is likely to succeed on the merits and/or that he would be subjected to irreparable harm if relief was denied, see Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998), cert. denied, 526 U.S. 1130 (1999)(considering preliminary injunction); see also Ballas v. Tedesco, 41 F. Supp.2d 531, 537 (D.N.J. 1999) (considering temporary restraining order).

1996, Petitioner applied for naturalization and was granted a preliminary interview.  However, his application was denied in August of 2001 because Petitioner did not have his fingerprints taken, and therefore, did not establish his eligibility for citizenship, as required by statute.

Petitioner argues in this petition that he is a naturalized citizen of the United States.  As of the filing of his petition, he was expected to successfully complete a residential drug program on June 22, 2007, and would be eligible for early release to a halfway house on or about June 23, 2007.  However, because of his PSF of Deportable Alien issued by the BOP, Petitioner is subject to increased security measures, including ineligibility for early release consideration under 18 U.S.C. § 3621(e)(2)(B).  Petitioner argues that the PSF was illegally applied, and that he has been deprived due process and equal treatment under the law.  Petitioner uses the fact that there is no immigration detainer lodged against him as evidence that he is a citizen, and that the PSF was illegally applied.

Respondent counters that all records indicate that Petitioner is not a citizen of the United States and has not been naturalized.  Thus, the BOP's issuance of the PSF of Deportable Alien is proper and should not be disturbed.

Petitioner has not filed a reply.

**DISCUSSION**

**A.   Standard of Review**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   The Petition Will Be Denied.**

Petitioner's claim that his PSF classification deprives him of liberty without due process, in violation of the Fifth Amendment, must fail. See, e.g., Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject

4

an inmate's treatment by prison authorities to judicial oversight."); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) ("We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right.  ...  The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system.  Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); Sandin v. Conner, 515 U.S. 742, 484 (1996) ("[Liberty interests conferred by government action] will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").  See also Wilks v. Mundt, 25 Fed. Appx. 492, 2002 WL 113837 (8th Cir. Jan 30, 2002) (no liberty interest implicated by Sex Offender PSF).

Petitioner's classification, and resultant ineligibility for certain BOP programming, does not impose an atypical and significant hardship on him.

Further, the exclusion of persons subject to a PSF of Deportable Alien from certain BOP programming does not violate

the Equal Protection Clause.  Regulations such as those challenged here classify prisoners as those who are subject to custodial considerations (including those who have PSF status) and those who are not, not on the basis of alienage.  See McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999), cert. denied, 528 U.S. 1086 (2000).  Accordingly, "the Equal Protection Clause requires only that the classification rationally further a legitimate state interest."  See Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Excluding prisoners subject to PSFs or other custodial considerations from participation in programs involving custody issues is rationally related to the Bureau's legitimate interest in preventing such prisoners from fleeing.  See McLean, 173 F.3d at 1185-86.  Thus, the PSF and the program limits it triggers, do not violate the Equal Protection Clause.

Finally, the fact that immigration has not yet placed a detainer on Petitioner or commenced removal proceedings does not render the PSF classification improper.  The PSF of Deportable Alien is applied to an inmate who is not a citizen, whether or not immigration has commenced proceedings against that person.[3]

---

[3] See Program Statement 5100.08, Chap. 5, p. 9, stating, in relevant part:

> **Deportable Alien.** A male or female inmate who is not a citizen of the United States.  All long-term detainees will have this PSF applied.  When applied, the inmate or the long-term detainee shall be housed in at least a

**CONCLUSION**

For the reasons set forth above, the petition and pending motion must be denied.  An appropriate order follows.

S/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge

Dated: August 27, 2007

---

Low security level institution.
The PSF shall not be applied, or shall be removed when the U.S. Immigration and Customs Enforcement (ICE) or the Executive Office for Immigration Review (EOIR) have determined that deportation proceedings are unwarranted or there is a finding not to deport at the completion of deportation proceedings. ...
Additionally, the PSF shall not be applied if the inmate has been naturalized as a United States citizen.