**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JOSE A. SUAREZ, | : |
| Petitioner, | : Civil Action No. 07-1888 (RBK) |
| v. | : **O P I N I O N** |
| CHARLES E. SAMUELS, JR., | : |
| Respondent. | : |

**APPEARANCES:**

| Petitioner pro se | Counsel for Respondent |
|---|---|
| Jose A. Suarez | Irene E. Dowdy |
| #43974-054 | Asst. U.S. Attorney |
| F.C.I. Fort Dix | 402 E. State Street |
| P.O. Box 2000 | Room 430 |
| Fort Dix, NJ 08640 | Trenton, NJ 08608 |

**KUGLER**, District Judge

This matter is before the Court on Petitioner's Letter Request (docket entry 14) regarding this Court's Order of August 27, 2007, denying his habeas corpus petition.

### BACKGROUND

On April 23, 2007, Petitioner filed in this District Court a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 (docket entry 1). On June 15, 2007, he filed an emergency motion for a temporary restraining order (docket entry 6). On June 27, 2007, Respondent filed an Answer to the Petition (docket

entry 8).  On August 27, 2007, this Court filed an Opinion and Order denying the petition and the motion (docket entries 9, 10).  Two days after entry of the Opinion and Order, Petitioner filed Objections to the Respondent's Answer (docket entry 11).  He refiled the Objections again one week later (docket entry 12).  On October 19, 2007, Petitioner filed a notice of appeal to the Court of Appeals for the Third Circuit (docket entry 13).  Said appeal remains pending in the circuit court.

During the pendency of his appeal, Petitioner submitted a letter to this District Court.  He asked to convert his Objections to the Answer into a motion for reconsideration.  He responded to Respondent's Answer and asks the Court to consider his arguments.  The letter was not docketed as a motion (docket entry 14).

The facts surrounding the petition were set forth in this Court's Opinion of August 27, 2007, and are repeated here for convenience:

> After conviction on federal drug charges, Petitioner was sentenced on February 2, 2001, in the United States District Court, Southern District of New York, to 121 months of incarceration followed by 3 years supervised release.
>
> Upon arrival into the Bureau of Prison's ("BOP") custody, Petitioner was assigned a Public Safety Factor ("PSF") of Deportable Alien, pursuant to the BOP's Program Statement 5100.08.  Petitioner was given the PSF of Deportable Alien because BOP records indicated that he is a citizen of the Dominican Republic.  In fact, Respondent has provided documentation, including Petitioner's immigration file, which reveals that

> Petitioner was born in the Dominican Republic and arrived in the United States on an Immigrant Visa in 1990. In 1996, Petitioner applied for naturalization and was granted a preliminary interview. However, his application was denied in August of 2001 because Petitioner did not have his fingerprints taken, and therefore, did not establish his eligibility for citizenship, as required by statute.
>
> Petitioner argues in this petition that he is a naturalized citizen of the United States. As of the filing of his petition, he was expected to successfully complete a residential drug program on June 22, 2007, and would be eligible for early release to a halfway house on or about June 23, 2007. However, because of his PSF of Deportable Alien issued by the BOP, Petitioner is subject to increased security measures, including ineligibility for early release consideration under 18 U.S.C. § 3621(e)(2)(B). Petitioner argues that the PSF was illegally applied, and that he has been deprived due process and equal treatment under the law. Petitioner uses the fact that there is no immigration detainer lodged against him as evidence that he is a citizen, and that the PSF was illegally applied.
>
> Respondent counters that all records indicate that Petitioner is not a citizen of the United States and has not been naturalized. Thus, the BOP's issuance of the PSF of Deportable Alien is proper and should not be disturbed.

(Opinion, pp. 2-3). This Court noted that Petitioner had not filed a reply to the Answer. However, as noted, that reply (docketed as "Objections") was received two days later (unsigned), and again approximately one week later (signed).

In his Objections, Petitioner reiterates that there is no INS detainer lodged against him, and that he is a United States citizen. He submits proof that he was fingerprinted, providing the Court with a copy of the actual prints. He argues that

Respondent is misleading the Court.  In particular, Petitioner states:

- Petitioner was fingerprinted and was cleared by the Federal Bureau of Investigations.  He was administered the oath of allegiance by the INS officer in charge of his case on July 1, 1998.  He was embraced by the INS officer and welcomed as a citizen of the United States.
- After Petitioner took his oath of allegiance, the INS was plagued with a scandal relating to its failure to properly check naturalization applicants' backgrounds.  The INS began a process of re-fingerprinting naturalization applicants.  When the INS sent Petitioner a notice for re-fingerprinting, he was already incarcerated and did not receive the notice; thus, he failed to appear for re-fingerprinting.
- Petitioner points out that at this juncture, he had already taken his oath of allegiance on July 1, 1998, and had no criminal record at that time.

(Objections, pp. 2-3).

Included with the Answer, Respondent's counsel provided a Declaration of Counsel, declaring that Counsel had reviewed Petitioner's "A" file (administrative file).  Counsel included as exhibits to the Declaration documents contained in the "A" file.

4

Counsel does not indicate whether or not the complete "A" file is attached to the Declaration, or just certain documents that Counsel found relevant.

However, as noted, Petitioner attached to his Objections a copy of his fingerprints. The fingerprints have his "A" file number on them. Counsel did not include a copy of the fingerprints in the Declaration containing the "A" file. Petitioner also attached some sort of Billing Query showing a "process date" of December 5, 1996, and "FBI STATUS: N." This Court is unclear as to what that query refers.

On October 22, 2007, this District Court received a letter from Petitioner (docket entry 14). The letter asks that the Court construe his Objections as a Motion for Reconsideration, noting that the Court overlooked certain issues because Petitioner's Objections were not received at the time of the issuance of the Opinion and Order.

## DISCUSSION

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. See United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). See id. In the District

of New Jersey, Local Civil Rule 7.1(i) (formerly 7.1(g)) governs motions for reconsideration.  See Byrne v. Calastro, 2006 WL 2506722 (D.N.J. Aug. 28, 2006).[1]

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v.

---

[1]  Byrne states:

> . . . in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.

Byrne, 2006 WL 2506722 at *1 (citations omitted).

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  See Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that

evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  See Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996)("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

In this case, this Court finds that Petitioner's Objections warrant a response by Respondent, in light of the fact that Petitioner presented evidence that he had been fingerprinted.  This Court had not received this evidence prior to issuing the

8

Opinion and Order denying the petition.  Nor has Respondent been able to examine this evidence.

Because Petitioner attempted to present this evidence in his original case by way of Objection to the Answer, and not solely in this Letter Request/Motion for Reconsideration, this Court will order the case reopened, and require Respondent to file a response to the Petitioner's Objections for further review by this Court.

## CONCLUSION

Based on the foregoing, this Court will grant Petitioner's letter request to reopen his case for consideration of his Objections.  An appropriate Order accompanies this Opinion.


                                          S/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Court

Dated: November 30, 2007